**Oren B. Haker**, OSB No. 130162
**Britta E. Warren**, OSB No. 065441
**Matthew D. Colley**, OSB No. 125084
Black Helterline LLP
805 SW Broadway, Suite 1900
Portland, OR 97205
(503) 224-5560
*Attorneys for Jackson Walker, LLP*


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>PROFESSIONAL FEE MATTERS CONCERNING THE JACKSON WALKER LAW FIRM | Case No.: 3:24-mc-00894-AB<br><br>Related to Case No. 23-00645 (EVR) (Bankr. S.D. Tex., Houston Division)<br><br>**JACKSON WALKER LLP'S SUPPLEMENTAL BRIEF IN OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO COMPEL DISCOVERY** |

**PRELIMINARY STATEMENT**

1.      Jackson Walker LLP ("JW") files this supplemental brief in opposition to the *Motion to Compel Discovery* filed by the United States Trustee (the "U.S. Trustee") and in response to the Court's inquiries at the October 29, 2024 hearing.

2.      As stated at the October 29, 2024 hearing, JW acknowledges that the disclosure of (i) the September 22, 2021 letter from Mr. Jarvis to JW (the "2021 Memo") and (ii) the June 2, 2022 memorandum from Mr. Jarvis to JW (the "2022 Memo" and together with the 2021 Memo, the "Memos"), sent from a JW attorney to Ms. Freeman's counsel in April 2022, was an express

waiver of the attorney-client privilege as to those two documents.  JW disputes, however, whether

that express waiver—which was extrajudicial, not made in a federal proceeding, and predated this

litigation by over 18 months—can constitute a subject matter waiver of JW's entire attorney-client

privilege with Mr. Jarvis and Ms. Harvey.  JW submits this Supplemental Brief to provide

additional authorities to the Court in support of its argument.

**A.    Rule 502(a) Does Not Apply to Extrajudicial Disclosures.**

3.    The U.S. Trustee cites Federal Rule of Evidence 502(a) for the proposition that "a

party cannot make selective representation and presentations."  *See* MTC, ¶ 24.  The U.S. Trustee

misses, however, that JW did not disclose the Memos in this litigation ***selectively***—rather, the

initial disclosure of the Memos occurred approximately 18 months' ***prior*** to the initiation of this

litigation; therefore, the disclosure could not have been made selectively or in a misleading

manner.

4.    The *Dukes v. Wal-Mart* case, cited by JW at the October 29th hearing, is instructive.

In *Dukes*, the defendant, Wal-Mart, made public comments to the *New York Times* regarding a

legal memorandum prepared by its counsel years earlier.[1]  Wal-Mart's comments, made on June

3 and 4, 2010, pre-dated the litigation, which was initiated on June 8, 2012.  The court specifically

addressed whether Wal-Mart expressly waived the attorney-client privilege by disclosing contents

of the memo to the *New York Times* and found that "Wal-Mart intentionally disclosed privileged

information; namely, [the law firm's] methodology and the fact that the law firm did not find

hourly wage disparities by gender."[2]  Nevertheless, the court analyzed Rule 502 of the Federal

Rules of Evidence and found that Rule 502 "only applies to disclosures made in a federal

---

[1] *Dukes v. Wal-Mart Stores, Inc.*, Case No. 01-cv-2252 CRB, 2013 WL 1282892 (N.D. Cal. Mar. 26, 2013).

[2] *Id.* at *8.

Page 2 - **JACKSON WALKER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO COMPEL**

proceeding"—a finding that is consistent with the plain reading of Rule 502's language.[3]   The court further held that "fairness must be the touchstone in determining whether Wal-Mart's disclosure of certain findings in the Memo compels the disclosure of the entire Memo."[4]   In determining fairness, the court considered that Wal-Mart did not use any portions of the memo in the litigation, and therefore concluded that there was no unfair prejudice to the plaintiffs to justify the waiver of the attorney-client privilege.[5]

     5.     In reaching its decision, the court cited *In re von Bulow*, a Second Circuit case that holds that "where . . . disclosures of privileged information are made extrajudicially and without prejudice to the opposing party, there exists no reason in logic or equity to broaden the waiver beyond those matters actually revealed."[6]   The *Dukes* Court also noted that the "Ninth Circuit[ ] repeated[ly] reli[ed] on *In re von Bulow*"[7]—a fact confirmed by the Federal Circuit in *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton*.[8]   These rules are consistent with the Advisory Committee's Notes to Rule 502(a), which instruct a court to **only** impose a subject matter waiver for express disclosures in "unusual situations"; that is, where "a party intentionally puts protected information **into litigation** in a selective, misleading, and unfair manner."[9]

---

[3] *Id.*

[4] *Id.* at *9.

[5] *Id.*

[6] *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987).

[7] *Dukes*, 2013 WL 1282892 at *8.

[8] *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1369-70 (Fed. Cir. 2012) ("[W]e find nothing in the Ninth Circuit's law to demonstrate that it has adopted a rule simultaneously requiring district courts to apply fairness balancing to privilege waivers made during litigation but blocking them from applying it to extrajudicial waivers.").

[9] Advisory Committee's Note, FRE 502(a).

6.      This Court, Judge Immergut presiding, reached a similar finding in *K.F. v. Baker School District 5J*, citing *Wi-LAN* and stating:

> While the Ninth Circuit has not explicitly stated whether Rule 502(a)'s "fairness balancing" is required in ***extrajudicial, express waiver situations like this one***, the Federal Circuit, in a lengthy discussion of Ninth Circuit case law on this issue, predicted that the Ninth Circuit "would appreciate the heavy weight of current authority that comes down on the side of employing fairness considerations to decide the scope of waivers." *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP* , 684 F.3d 1364, 1373 (Fed. Cir. 2012). ***And recently, the Ninth Circuit affirmed that the "fairness principle also animates the concept of subject matter waiver," suggesting its applicability to express, extrajudicial disclosure as well.*** *Sanmina Corp.*, 968 F.3d at 1117. Further, Plaintiffs assume that the fairness principle applies to their Motion. ECF 20 at 6 (discussing Fed. R. Evid. 502).[10]

Judge Immergut ultimately concluded that the attorney-client privilege "was partly waived by extrajudicial disclosure, but that ***fairness does not require further disclosure***."[11]    Judge Immergut's determination was made upon the defendant's assertion that it had not put the privileged materials "at issue in the case" and the defendant's affirmation that it would "not rely on the requested materials in this legal proceeding."[12]

7.      The distinction between a waiver made "in a federal proceeding" versus a waiver made extrajudicially has been recognized by courts around the country:[13]

---

[10] *K.F. v. Baker Sch. Dist. 5J*, No. 2:20-CV-00693-IM, 2021 WL 863198, at *3 (D. Or. Mar. 8, 2021) (emphasis added).

JW also cited the *Sanmina* case at the October 28th hearing for the proposition that the fairness principle applies to express waivers, not just implied waivers.

[11] *Id.* at *1 (emphasis added).

[12] *Id.* at *4.

[13] Notably, the *Weil* case cited by the Court did not involve an extrajudicial disclosure but a disclosure made "early in the proceedings and . . . made to opposing counsel." *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

- *Lamartina v. VMware, Inc.*, No. 20-CV-02182-EJD (VKD), 2024 WL 3049450, at *4 (N.D. Cal. June 17, 2024) (holding that the client's disclosure of attorney-client communication that was not subsequently used by the client in litigation was an extrajudicial disclosure that did not constitute a subject matter waiver and further holding that the subsequent disclosure of the same attorney-client communication to the SEC during an investigation did not create a separate waiver, and therefore did not constitute a subject matter waiver either).

- *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003) ("Virtually every reported instance of an implied waiver extending to an entire subject matter involves a judicial disclosure, that is, a disclosure made in the course of a judicial proceeding. This uniformity is not mere happenstance; it exists because such a limitation makes eminently good sense. Accordingly, we hold, as a matter of first impression in this circuit, that the extrajudicial disclosure of attorney-client communications, not thereafter used by the client to gain adversarial advantage in judicial proceedings, cannot work an implied waiver of all confidential communications on the same subject matter.") (citations omitted).

- *In re Grand Jury Proc.*, 219 F.3d 175, 189 (2d Cir. 2000) (nothing that "[i]n [*von Bulow*], we held that 'extrajudicial' disclosures of privileged information result only in waiver of the communications revealed, but not of related communications.").

- *John Doe Co. v. United States*, 350 F.3d 299, 306 (2d Cir. 2003), *as amended* (Nov. 25, 2003) ("The unfairness and distortion of process, which the *von Bulow* opinion identified as the justification for a finding of forfeiture, has been found when one party advanced a contention to a decisionmaker, such as a court or jury, while denying its adversary access to privileged materials which might have been used to rebut the privilege holder's contention. ***The crucial issue is not merely some connection to a judicial process but rather the type of unfairness to the adversary that results in litigation circumstances when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion***. No such unfairness was present here.") (emphasis added).

- *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 142 (S.D.N.Y. 2004) ("In this case, as in *von Bulow,* BH's extrajudicial disclosures are not being asserted in this litigation and fairness does not, therefore, require the disclosure of undisclosed analyses. Thus, BH's disclosures to its shareholders do not constitute as a waiver.").

8.      The leading treatise on the Federal Rules of Evidence, Wright & Miller's *Federal Practice and Procedure*, also confirms that Rule 502 only applies to disclosures made "in a federal proceeding": "With one exception discussed below, Rule 502 does not apply to extrajudicial disclosures.  So when the client tells his bartender what he told his lawyer, Rule 502 does not apply."[14]

**B.      Subject Matter Waiver Rests On The Fairness Principle And May Be Avoided By The Privilege Holder Disavowing Any Reliance On Privileged Material To Support Any Claim or Defense in Litigation.**

9.      Moreover, courts within the Ninth Circuit also routinely consider fairness in determining whether a voluntary disclosure—*i.e.*, an express waiver—should be expanded beyond the disclosures made to the full subject matter:[15]

- *Wadler v. Bio-Rad Lab'ys, Inc.*, 212 F. Supp. 3d 829, 850 (N.D. Cal. 2016) (considering the fairness principle and stating: "Rule 502 makes clear, however, that disclosure of privileged communications and information in a federal proceeding ***does not automatically result in a broad subject-matter waiver***.") (emphasis added).

- *IGT v. All. Gaming Corp.*, Case No. 2:04-CV-1676-RCJ RJJ, 2006 WL 8071393, at *8 (D. Nev. Sept. 28, 2006) (discussing voluntary disclosures and stating "[c]ourts tend to apply broad subject matter waivers when the party asserting the privilege has attempted to use it as a "sword and a shield" and frustrate the judicial process").

- *Colonies Partners LP v. Cnty. of San Bernardino*, Case No. 5:18-cv-00420, 2019 WL 13029919, at *6 (C.D. Cal. Dec. 23, 2019) ("In order to assess whether the Court should treat the express waiver in this case as a subject matter waiver of all materials related to the topics, under Rule 502(a)(3), the Court must determine whether disclosure of the 'undisclosed communications . . . ought in fairness to be considered together.'").

---

[14] Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5443 (2024).

[15] *See also* Wright & Miller, *Federal Practice and Procedure* § 5444 ("Finally, to get to subject matter waiver under Rule 502(a), the opponent must prove that fairness requires disclosure.").

- *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. C08-02581 JF (HRL), 2009 WL 3415375, at *5 (N.D. Cal. Oct. 21, 2009) ("Accordingly, fairness does not require the extension of Landmark's express waiver of attorney-client privilege to privileged communications about subjects not directly addressed in the memos.").

10.    Accordingly, regardless of whether Rule 502(a) applies here, this Court must still consider the "fairness principle" in determining whether the pre-litigation 2022 disclosure of the Memos should constitute a full subject matter waiver on JW's attorney-client privilege with Mr. Jarvis and Ms. Harvey. For the reasons stated at the October 29th hearing, JW submits that the fairness principle compels a finding of no subject matter waiver, because JW has not used the substance of the Memos in this litigation or put the advice contained in the Memos at issue, has expressly stated it is not pursuing an advice of counsel defense, and has indicated that it does not intend to call Mr. Jarvis or Ms. Harvey as witnesses at trial. This is decidedly not a case where JW has "abuse[d] the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Sanmina*, 968 F.3d at 1117.

11.    But even if the Court were to conclude, contrary to JW's statements, that JW is affirmatively relying on the content of the formerly privileged Memos to support a claim or defense in the Trustee's litigation, that would still not require a finding of subject matter waiver. As discussed at the October 29th hearing, if the Court determines that it would be unfair to the U.S. Trustee for certain of JW's statements relating to Mr. Jarvis and Ms. Harvey to remain in its pleadings while JW refuses to turn over its privileged documents to the U.S. Trustee, JW requests that the Court, pursuant to *Bittaker*,[16] "not order disclosure of the materials categorically;" but instead direct JW "to produce the privileged materials *if* it wishes to go forward with its claims

---

[16] *Bittaker* 331 F.3d at 721 (stating that "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition.").

implicating them."  In other words, JW requests an opportunity—to the extent that the Court finds (contrary to JW's stated position) that JW has put the advice at issue in this litigation—to determine whether it wishes to amend its pleadings to remove certain references to Mr. Jarvis and Ms. Harvey or instead direct Mr. Jarvis and Ms. Harvey to produce the certain privileged materials that the Court may find should otherwise be produced under the fairness principle.  And in no event should the Court order production of any documents (such as Holland &Knight's internal work product) that is not covered by the Trustee's document requests, that JW never saw, and that would therefore not constitute attorney-client material even if a subject-matter waiver applied.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted,

Dated: October 31, 2024

**BLACK HELTERLINE LLP**

By: */s/  Britta Warren*
Oren B. Haker, OSB No. 130162
Britta Warren, OSB No. 065441
Matthew Colley, OSB No. 125084

-and-

**NORTON ROSE FULBRIGHT US LLP**

Paul Trahan (admitted *pro hac vice*)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201

Jason L. Boland (admitted *pro hac vice*)
Julie Harrison (admitted *pro hac vice*)
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Jackson Walker LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of the foregoing **JACKSON WALKER LLP'S SUPPLEMENTAL BRIEF IN OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO COMPEL DISCOVERY** upon the following named person(s) on the date indicated below by notice of electronic filing using the CM/ECF system:

Stephen P. Arnot, Office of the U.S. Trustee
Laura D. Steele, Trial Attorney
Alicia Barcomb, Trial Attorney
W. Joel Charboneau, Trial Attorney
Vianey Garza, Trial Attorney
Millie Aponte Sall, Assistant U.S. Trustee
on behalf of Kevin M. Epstein United States
Trustee for Region 7
Southern and Western Districts of Texas
steve.arnot@usdoj.gov
Laura.Steele@usdoj.gov
Alicia.barcomb@usdoj.gov
Joel.Charboneau@usdoj.gov
Vianey.Garza@usdoj.gov
Millie.Sall@usdoj.gov

Joseph L. Franco, Holland & Knight LLP
on behalf of Respondents Peter Jarvis and
Jacqueline Harvey
joe.franco@hklaw.com

DATED this 31st day of October, 2024.

BLACK HELTERLINE LLP

By: */s/  Britta Warren*
Oren B. Haker, OSB No. 130162
Britta Warren, OSB No. 065441
Matthew Colley, OSB No. 125084
(503) 224-5560
*Attorneys for Jackson Walker, LLP*