**Stephen P. Arnot**, OR Bar No. 070765
**Laura Steele**, WI Bar No. 1065702
**Vianey Garza**, TX Bar No. 24083057
**Alicia Barcomb**, TX Bar No. 24106276
Office of the U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002
(713) 718-4650
*Attorneys for Kevin M. Epstein, United States Trustee, Region 7*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Professional Fee Matters Concerning the Jackson Walker Law Firm | Miscellaneous Proceeding<br>Case No. 3:24-MC-894-AB<br><br>Related to Case No. 23-00645 (EVR)<br>(Bankr. S.D. Tex., Houston Division)<br><br>**UNITED STATES TRUSTEE'S RESPONSE TO *JACKSON WALKER LLP'S SUPPLEMENTAL BRIEF IN OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO COMPEL DISCOVERY*** |

Kevin Epstein, United States Trustee for Region 7 ("U.S. Trustee"), respectfully responds to Jackson Walker LLP's ("Jackson Walker") post-hearing supplemental brief [ECF No. 30] ("Supplemental Brief") as follows:

### SUMMARY OF ARGUMENT

Jackson Walker asks this Court to create an unsupported precedent that would allow a litigant to use the attorney-client privilege as both a sword and shield. According to Jackson Walker, a party having a reasonable expectation of future litigation[1] can intentionally and

---

[1] Michael Van Deelen first contacted Jackson Walker (through its partner, Matthew Cavenaugh) on March 6, 2021, about allegations of an intimate and financial relationship between former Judge Jones and former Jackson Walker partner Elizabeth Freeman. Jackson Walker then moved the Southern District of Texas Bankruptcy Court to seal Mr. Van Deelen's recusal allegations. On

1

selectively waive privilege as to attorney-client communications. Once litigation commences, that party can then use the selectively waived advice as a sword but also assert the attorney-client privilege as a shield to conceal, among other things, the facts upon which the advice relies. The Court should reject Jackson Walker's invitation to create such precedent.

## ARGUMENT

1. Jackson Walker specifically contends that Federal Rule of Evidence Rule 502(a) does not apply in this case. *See* Supp. Br. at 2. Regardless of whether Jackson Walker is correct, Jackson Walker's express waiver is still a subject matter waiver under federal common law, and the Court should order production of the materials sought by the U.S. Trustee.

2. "An express waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). "[I]t has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege *as to all other such communications on the same subject*." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (collecting cases) (emphasis added). Jackson Walker's Supplemental Brief cites no controlling Ninth Circuit precedent, except *Weil*.

3. In this case, Jackson Walker concedes that it twice waived purportedly attorney-client privileged communications long before this federal litigation commenced, and before October 6, 2023, when the U.S. Trustee's investigation commenced. *See* Supp. Br. at 2. Jackson Walker's counsel further conceded at oral argument in this Court that it made an express waiver.

---

August 20, 2024, the recusal issue was remanded to the bankruptcy court. *See Van Deelen v. Dickson (In re McDermott Int'l, Inc.)*, No. 23-20436, 2024 WL 3875141, at *4–5 (5th Cir. Aug. 20, 2024). The Court may take judicial notice of the docket for Case No. 4:21-cv-03369 pending in the United States District Court for the Southern District of Texas.

Hrg. Tr. at 38:5–7. If an express waiver occurred and Federal Rule of Evidence 502(a) does not apply as Jackson Walker asserts, Supp. Br. at 2, the Court should nevertheless still order the production of the documents that the U.S. Trustee subpoenaed from Peter Jarvis ("Mr. Jarvis") and Jacqueline Harvey ("Ms. Harvey") (collectively, the "Respondents"), because Ninth Circuit common law does apply. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116–17 (9th Cir. 2020); *Weil*, 647 F.2d at 24.

4. The Ninth Circuit explained in *Sanmina Corp.* that the fairness principle prevents a party from "asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." 968 F.3d at 1117 (quoting *Bittaker*, 331 F.3d at 719). The Ninth Circuit then explained that the "fairness principle also animates the concept of subject matter waiver, in which 'voluntary disclosure of the content of a privileged communication *constitutes waiver of the privilege as to all other such communications on the same subject*.'" *Id.* (quoting *Weil*, 647 F.2d at 24) (emphasis added).

5. In its Supplemental Brief, Jackson Walker relies heavily on *Dukes v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 42740 (N.D. Cal. Mar. 26, 2013). But Jackson Walker overlooks a key part of that court's analysis—"Wal-Mart has not attempted to use any portions of the [purportedly privileged communication] in this litigation. As long as the initial disclosures of privileged communications 'are and remain extrajudicial, there is no legal prejudice that warrants a broad court-imposed subject matter waiver.'" *Dukes*, 2013 U.S. Dist. LEXIS 42740 at *28 (quoting *Bulow v. Bulow (In re Bulow)*, 828 F.2d 94, 103 (2d Cir. 1987)). This is not the case here because the disclosed information is an integral part of Jackson Walker's defense.

6.         No cases cited by Jackson Walker support its position.[2] Rather, the cases cited by Jackson Walker support subject matter waiver. The common thread in the cited cases is that even if the initial disclosure of privileged communications were extrajudicial, the party did not attempt to use them in the litigation. *Wi-LAN, Inc. v. LG Elecs., Inc.*, 684 F.3d 1364, 1367 (Fed. Cir. 2012) (Wi-LAN expressly disclaimed use of the letter that waived privilege, and the court remanded for a finding regarding prejudice); *XYZ Corp. v. United States (In re Keeper of the Recs.)*, 348 F.3d 16, 25 (1st Cir. 2003) (although "XYZ has not made use of the call in any judicial proceeding[,]" "if confidential information is revealed in an extrajudicial context and later reused in a judicial setting, the circumstances of the initial disclosure will not immunize the client against a claim of waiver."); *John Doe Co. v. United States (In re Grand Jury Proc.)*, 350 F.3d 299, 303–04 (2d Cir. 2003) (John Doe Co. had not injected a letter its counsel wrote into any proceeding; rather, it was the prosecutor that had full control over what would be presented to the grand jury); *K.F. v. Baker Sch. Dist. 5J*, 2021 U.S. Dist. LEXIS 42848, at *11–12 (D. Ore. Mar. 8, 2021) (because the school district affirmed at the hearing it would not rely "in any part on the requested materials" in the litigation, the court did not find prejudice.); *Lamartina v. VMware, Inc.*, 2024 U.S. Dist. LEXIS 107335, at *10–11 (N.D. Cal. June 17, 2024) (VMware had not put the legal advice regarding a backlog disclosure at issue in the case so the court did not find any prejudice); *Wadler v. Bio-Rad Labs., Inc.*, 212 F. Supp. 3d 829, 851 (N.D. Cal. 2016) (holding, "fairness requires that the waiver

---

[2] Jackson Walker's citation to *United States v. Doe (In re Grand Jury Proc.)*, 219 F.3d 175 (2d Cir. 2000), is inapposite as that case involved the "application of the general rules governing implied waiver of the attorney-client privilege in the corporate context[.]" *Id.* at 184. Similarly, Jackson Walker's citation to *Colonies Partners LP v. Cnty. of San Bernardino*, 2019 U.S. Dist. LEXIS 240360, at *14–17, 21 (C.D. Cal. Dec. 23, 2019), is inapposite because the court decided the dispute under Fed. R. Evid. 502 and, in any event, found that the party asserting the privilege had not "disclosed information regarding a subject matter" that it "intended to use or failed to disavow . . . without providing potentially helpful material" to the other side.

extend beyond the DPW Presentation because Bio-Rad has repeatedly relied on that document as a sword by citing to its conclusion that Wadler's concerns about possible FCPA violations in China were unjustified"); *IGT v. Alliance Gaming Corp.*, 2006 U.S. Dist. LEXIS 102537, at *23 (D. Nev. Sept. 28, 2006) (finding an express waiver, and that the waiver extended to "the subject matter contained in those documents."); *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, 2009 U.S. Dist. LEXIS 102579, at *14–16 (N.D. Cal. Oct. 21, 2009) (holding that the express waiver extended to the subject matter of certain memos, but did not extend to "communications about subjects *not* directly addressed in the memos."); *SEC v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 142 (S.D.N.Y. 2004) (the extrajudicial disclosures had not been injected into the litigation by the party asserting privilege). Here, Jackson Walker not only filed its communications with the Respondents with the Bankruptcy Court, but also uses the Respondents' advice as an attempt to mitigate Jackson Walker's actions or inaction.

7. Jackson Walker defends this litigation based substantially on the alleged reasonableness of Jackson Walker's actions, as informed by Respondents' advice. Jackson Walker attached a draft communication to the Respondents to both its preliminary and supplemental responses to the U.S. Trustee's motions seeking relief under Fed. R. Civ. P. 60 and for sanctions. The disclosed draft communication "ask[ed] for [Mr. Jarvis's] advice regarding . . . our professional ethical posture and minimizing the risk that the firm's participation in future contested matters before the judge . . . might result in disqualification of the judge or us." ECF No. 1-1 at 8.

8. Jackson Walker has repeatedly put Respondents' advice into issue with statements such as, "JW itself acted reasonably in its efforts to comply with *any applicable disclosure obligations* based on the facts as JW understood them." *Id.* at 8; 29–30, ¶ 10 (emphasis added). Jackson Walker's "efforts to comply" were informed, at least in part, by its communications with

the Respondents. Jackson Walker further injected Respondents' legal advice into this litigation by statements such as, but not limited to, "[Mr. Jarvis] concluded that the measures taken by Jackson Walker, based on the facts stated in the letter, which were confirmed by Ms. Freeman, *were sufficient to meet Jackson Walker's obligations*." *Id*. at 4, ¶ 15 (emphasis added).

9. Although Mr. Jarvis's opinion was "based on the facts stated in the letter," Jackson Walker continues to withhold the actual letter sent to Mr. Jarvis. *Id.* at 203. This is extremely prejudicial to the U.S. Trustee and a blatant example of Jackson Walker using the attorney-client privilege as a sword and shield. Here, Jackson Walker discloses a draft letter, implies or even confirms that Mr. Jarvis approved of the contents of the draft letter as opposed to a later, final letter, *id.* at 4, ¶ 15; 30–31, ¶ 10; 40–41, ¶¶ 37–38, and then withholds the final letter. *Id.* at 203.

10. In the Supplemental Brief, Jackson Walker states "that it does not intend to call Mr. Jarvis or Ms. Harvey as witnesses at trial." Supp. Br. at 7, ¶ 10. But what Jackson Walker failed to tell the Court at the hearing was that it will neither strike nor abandon any reference to the advice sought from or given by either of the Respondents, including (a) in its filings,[3] (b) through other fact witnesses such as Jackson Walker's management attempting to set forth the ethics advice it sought; or (c) even the substantive reasonableness of the advice itself through Jackson Walker's designated expert witness. The U.S. Trustee will suffer great prejudice if Jackson Walker is able to introduce the opinions of either Mr. Jarvis or Ms. Harvey through these channels but deny the U.S. Trustee the facts upon which the Respondents' based their opinions.

---

[3] In his Reply filed with this Court on September 24, 2024, the U.S. Trustee detailed not fewer than a dozen instances of Jackson Walker's citation to consultations with outside counsel, the purpose of those consultations, and the purported expertise of that counsel. ECF No. 27 at 10–12.

11. Notwithstanding Jackson Walker's claims that it is not putting the Respondents' advice into issue, *see, e.g.*, Hrg. Tr. at 42, the record belies those claims. Simply put, Jackson Walker cannot use the attorney-client privilege as both a sword and shield.

## CONCLUSION

As set forth in the motion to compel, the U.S. Trustee's reply to Jackson Walker's response to that motion, and this further response, the Court should find that the attorney-client privilege is waived, subject matter waiver applies, and order the production of the requested documents.[4]

Date: November 8, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Alicia L. Barcomb*
    Laura Steele, Trial Attorney
    Wisconsin Bar No. 1065702
    Office of the United States Trustee
    517 E. Wisconsin Ave., Suite 430
    Milwaukee, Wisconsin 53202
    (414) 297-4499 ) - Telephone
    Email: Laura.Steele@usdoj.gov
-and-
    Vianey Garza, Trial Attorney
    Tex. Bar No. 24083057/Fed. ID No. 1812278
    Alicia L. Barcomb, Trial Attorney
    Tex. Bar No. 24106276/Fed. ID No. 3456397
    Office of the United States Trustee
    515 Rusk, Suite 3516
    Houston, Texas 77002
    (713) 718-4650 – Telephone
    (713) 718-4670 – Fax
    Email: vianey.garza@usdoj.gov
           alicia.barcomb@usdoj.gov

---

[4] On October 30, 2024, Jackson Walker provided a rebuttal expert report to the U.S. Trustee. If Jackson Walker were to seek to avoid production by withdrawing all direct and indirect reliance on communications with and advice from the Respondents, such withdrawal should also apply to its expert witness's report and its expert's conclusions.

          -and-
             Stephen P. Arnot
             Assistant United States Trustee
             Oregon Bar No. 070765
             Office of the United States Trustee
             1220 SW 3rd Avenue, Suite 315
             Portland, OR 97204
             Tel: (503) 326-4004
             Email: steve.arnot@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2024, I emailed a copy of the foregoing upon the following named person(s):

Counsel for Jackson Walker
**Norton Rose Fulbright US LLP**
Jason Boland
jason.boland@nortonrosefulbright.com
William Greendyke
william.greendyke@nortonrosefulbright.com
Maria Mokrzycka
maria.mokrzycka@nortonrosefulbright.com
Paul Traham
paul.trahan@nortonrosefulbright.com
Emily Wolf
emily.wolf@nortonrosefulbright.com
Julie Harrison
julie.harrison@nortonrosefulbright.com

**Rusty Hardin & Associates LLP**
Rusty Hardin
rhardin@rustyhardin.com
Leah Graham
lgraham@rustyhardin.com
Emily Smith
esmith@rustyhardin.com
Jennifer Brevorka
jbrevorka@rustyhardin.com

**Black Helterline LLP**
Oren B. Haker
oren.haker@bhlaw.com
Britta E. Warren
britta.warren@bhlaw.com
Matthew D. Colley
matthew.colley@bhlaw.com

Counsel for Peter Jarvis and Jacqueline Harvey
**Holland & Knight LLP**
Jose Casal
Jose.Casal@hklaw.com
Joseph L. Franco
Joe.Franco@hklaw.com

8

        */s/ Alicia L. Barcomb*
        Alicia L. Barcomb

## CERTIFICATE OF COMPLIANCE

This response complies with the applicable page number limitation under LR 26-3(b), because it does not exceed 10 pages.

        */s/ Alicia L. Barcomb*
        Alicia L. Barcomb